UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-16-JBC

NANCY L. CANNING, PLAINTIFF,

V. **MEMORANDUM OPINION AND ORDER**

BARBARA W. POOLE, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion to dismiss for lack of jurisdiction of defendants William T. Poole, Tom M. Poole and Katheryn Poole (R. 23). For the reasons below, the court will deny the motion to dismiss but will order the plaintiff, Nancy Canning, to respond to the Pooles' allegation of lack of diversity.

I. **Facts**

Nancy Canning is the owner of a business which breeds and raises thoroughbreds in Kentucky. Canning fired her veterinarian, defendant Barbara Poole, in May of 2009. Based on erroneous billing statements sent both before and after the termination of employment, Canning alleges that Poole filed a Veterinarian's Lien which resulted in a seizure of Canning's equine stock. Canning also alleges that Poole mistreated others with whom Poole was involved.

Canning claims that the seizure of her horses constituted violations of federal law by depriving her of due process. She also raises state claims of conversion, abuse of process, intentional infliction of emotional distress, malpractice, false imprisonment, tortious interference with business, battery, slander and breach of contract. The Pooles

1

move to dismiss for failure to establish diversity jurisdiction.

## II. Analysis

### A. Diversity Jurisdiction

The plaintiff, who has the burden to prove diversity jurisdiction, has not done so. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913 (6th Cir. 1986). Neither Canning's original nor her amended complaint properly avers the citizenship of the parties to sufficiently establish diversity jurisdiction. A party's citizenship is determined by a person's domicile. *Brown v. Keene*, 33 U.S. 112 (1834). Canning alleges that she is a "resident of New Mexico" and that Barbara Poole sent billing statements to Canning's address in San Patricio, New Mexico. R. 5. However, since the common use of the word "resident" does not always mean citizen, Canning's assertion of residency is not sufficient to support jurisdiction. *Shaw v. Quincy Mining Co.*, 145 U.S. 444, 447 (1892). "It has been long settled that residence and citizenship were wholly different things … and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction." *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905), *see also Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1986).

The address on the billing statements is a P.O. Box number, which is insufficient to establish that a person is a citizen of that state. *See Martinez v. Martinez*, 62 F. App'x 309, 313-14 (10th Cir. 2003) (asserting that plaintiff's listing a post-office box as his address was insufficient to establish a foundation for diversity jurisdiction over her state-law claims). Further, the complaint

acknowledges that the plaintiff owns residential property in Kentucky, though it is asserted to be rental property, and does business in both Kentucky and Florida. These facts confuse the issue of citizenship, since they are factors which could indicate Canning is a citizen of Kentucky or Florida.

Diversity of citizenship is complete when the controversy is between parties which are "citizens of different States." 28 U.S.C. § 1332(a)(1). The complaint and later pleadings do not provide this court with sufficient facts to confirm that Canning is a citizen of New Mexico. Because it is unable to determine Canning's citizenship, the court cannot determine whether complete diversity exists.

### B. Federal Question

Even if diversity does not exist, Canning relies upon the existence of a federal question for this court's jurisdiction. Federal courts have original jurisdiction over cases which raise a federal question, that is, "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. It must be clear from the face of the complaint that there is a federal question. *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149 (1908). Here, Canning alleges unlawful search and seizure and violation of due process arising out of the lien placed on her horses and later seizure by judicial order, both of which are constitutional claims of which this court properly has original jurisdiction.

A finding that this court has federal question jurisdiction is not a determination that Canning's federal claims will succeed. Federal question jurisdiction gives this court

3

subject-matter jurisdiction over colorable claims which raise a federal question. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (suit may be dismissed for lack of subject-matter jurisdiction if "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."). At this point, Canning's claim appears neither immaterial nor raised in order for this court to assume jurisdiction.

In summary, Canning asserts claims sufficient for this court to assume federal-question jurisdiction. However, because this court is unable to determine whether diversity jurisdiction exists, Canning will be directed to file a response either establishing her diverse citizenship or conceding there is no diversity, so that the court may have a full answer to the question of the basis for this court's jurisdiction. Accordingly,

**IT IS ORDERED** that Canning shall, within ten days of this order, file a memorandum which adequately supports her claim that this court has diversity jurisdiction or, in the alternative, she shall file a memorandum which concedes that no such jurisdiction exists.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss for lack of jurisdiction (R. 23) is **DENIED**.

Signed on February 10, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY