UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 10-16-JBC**

**NANCY L. CANNING,**                                                              **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**BARBARA W. POOLE, ET AL.,**                                 **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on motion of the defendant, County of Bourbon, for judgment on the pleadings. R. 31. For the reasons below, the court will grant the motion.

This case arises from a dispute regarding veterinary bills and involves multiple defendants.[1] Canning fired her veterinarian, defendant Barbara Poole, in May of 2009. Based on erroneous billing statements sent both before and after the termination of employment, Poole filed a Veterinarian's Lien which resulted in a seizure of Canning's equine stock. Canning amended her complaint to add Bourbon County as a defendant in the instant action. While Canning makes no claims against Bourbon County, she makes claims under both 42 U.S.C. § 1983 and state law against Bourbon County Sheriff's deputies and Bourbon County District Court Judge Mary Jane Phelps. This court granted Phelps's motion to dismiss for failure to state a claim upon which relief

---

[1]For the purpose of this motion, the court will construe the complaint in the light most favorable to Canning, the non-moving party, and accept all her factual allegations as true. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995)

1

may be granted because claims against her are barred by judicial immunity. R. 35.

Bourbon County is immune from official-capacity claims against a District Court Judge. "[T]he purpose of judicial immunity 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 462 U.S. 1137, 1142 (1983) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The same public policy that requires immunity for a judge requires extension of that immunity to the state. The purpose of judicial immunity would be defeated if plaintiffs were allowed to file suit against a governmental entity as the functional equivalent of a suit against the judge in her official capacity to avoid judicial immunity. Therefore, this court will grant the motion for judgment on the pleadings for Bourbon County as to claims against Judge Phelps.

Bourbon County has sovereign immunity from the state-law claims made by Canning. County governments in Kentucky are cloaked in sovereign immunity, unless such immunity is expressly waived. *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003). Additionally, a county cannot, "absent a legislative waiver of immunity, be held vicariously liable in a judicial court for the ministerial acts of its agents, servants, and employees." *Id.* (citations omitted). With regard to the state-law claims made against Bourbon County, Kentucky's extension of sovereign immunity is effective. This court will grant the motion for judgment on the pleadings for the state-law claims.

Bourbon County is considered a "person" and can be sued under 42 U.S.C. § 1983. Local governing bodies, such as counties, can "be sued directly under § 1983 for

monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Mondell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 690 (1978); *see also Smallwood v. Jefferson Cnty. Gov't*, 753 F.Supp. 657, 660 (W.D.Ky. 1991) ("Kentucky counties must be considered persons for purposes of 42 U.S.C. § 1983"). However, counties are not responsible for injury just because it is inflicted by the counties' employees or agents. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. "Municipal entities cannot be held responsible for constitutional deprivations unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Hurst v. Fentress Co. Tenn.*, 229 F.3d 1152, *2 (6th Cir. 2000) (unpublished) (citing *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887 (6th Cir.1993)). "The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy." *Id*. (citing *See Garner v. Memphis Police Dep't.*, 8 F.3d 358, 363-64 (6th Cir.1993)).

Canning has not sufficiently pled that her claim under 42 U.S.C. § 1983 is the result of a "policy or custom" of Bourbon County. "[W]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). In her amended complaint, the only

3

mention of a policy is when Canning states "[t]he adoption of the method of seizure and means by which it was carried out by officials of Bourbon County, Kentucky, constitutes a *policy* whereby the civil rights of the Plaintiff were clearly subject to violation, without redress or compensation." R. 5 at 19 (emphasis added).Canning does not make any factual allegations as to what that policy is or how it caused the Bourbon County Sheriff's deputies to violate her constitutional rights. As Canning has not shown a "policy or custom" which would hold Bourbon County responsible under § 1983, this court will grant the motion for judgment on the pleadings.

III.     **Conclusion**

Accordingly,

**IT IS ORDERED** that defendant's motion for judgment on the pleadings (R. 31) is **GRANTED**.

Signed on  February 15, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY