UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-16-JBC

NANCY L. CANNING,                                                                           PLAINTIFF,

V.               **MEMORANDUM OPINION & ORDER**

BARBARA W. POOLE, ET AL.,                                                           DEFENDANTS.

* * * * * * * * * *

Pending before the court is defendant Thomas M. Poole's renewed motion for summary judgment, R.80. For the following reasons, the court will grant the motion.

Canning alleges in this action that Thomas Poole was one of several parties involved in a sequence of illegal events that resulted in a seizure of horses owned by Canning. Specifically, Canning alleges that Poole unlawfully entered a farm and seized Canning's equine stock, unlawfully conspired to seize and control Canning's horses, worked in consort with others to commit battery on and falsely imprison Canning, falsely claimed a debt owed by Canning, and interfered with Canning's horse breeding business. Canning brings several claims in her amended complaint, but she has offered no evidence to support the claims against Poole; thus, summary judgment is appropriate.

Poole first moved for summary judgment over a year ago, but the court

denied the motion without prejudice as premature, stating that it would be prejudicial to award summary judgment without allowing Canning an opportunity to conduct discovery. R.63, p.2. At that time, however, the court also recognized that Canning had not properly asserted a genuine issue of material fact because she had filed no affidavit with her response to Poole's motion. *Id.* Here, Canning has again failed to file an affidavit with her response to Poole's renewed motion, but a discovery period has elapsed. Poole denies the allegations by Canning and states that there is no factual basis for Canning's claims against him. In response, Canning provides no argument or evidence to support her claims except to state that Poole is the owner and lessor of the land on which the alleged events in dispute occurred. Canning offers no authority to support this theory of liability, and Poole's cited authority supports his proposition that landlords are generally not liable merely because injuries occur on property which they own. *See Dutton v. McFarland*, 210 S.W.3d 188 (Ky. Ct. App. 2006); *see also Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188 (Ky. Ct. App. 2006); *see also Miller v. Cundiff*, 245 S.W. 3d 786 (Ky. Ct. App. 2007).

Canning has presented no affirmative evidence to defeat Poole's renewed motion for summary judgment, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986), and no genuine dispute exists as to any material fact in the claims asserted against Poole, Fed. R. Civ. P. 56; therefore, a grant of summary judgment is appropriate.

Accordingly,

**IT IS ORDERED** that defendant Thomas Poole's renewed motion for summary judgment, R.80, is **GRANTED**.

Signed on July 2, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY