UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 10-16-JBC**

**NANCY L. CANNING,**                                                                   **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION & ORDER**

**BARBARA W. POOLE, ET AL.,**                                    **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

Pending before the court are motions for summary judgment by Brook Ledge, Inc., R.119, and William Poole and Kathryn Poole, R.121 & 122. For the following reasons, the court will grant the motions.

Defendants Brook Ledge, William Poole, and Kathryn Poole move for summary judgment in response to an order entered on October 18, 2012, that granted summary judgment against the plaintiff, Nancy Canning, in favor of Brian Privett on all claims and in favor of Barbara Poole on all claims except one. The movants argue that the court's findings in that order apply equally to the claims against them, and they incorporate both Privett and Barbara Poole's memoranda of law and exhibits. Canning has not responded to the present motions.

A grant of summary judgment in favor of Brook Ledge, William Poole, and Kathryn Poole is appropriate because Canning has "fail[ed] to make a showing sufficient to establish the existence of [] element[s] essential to [her] case" as to all claims against these defendants. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322

1

(1986). Specifically, the following claims against both Brook Ledge and William Poole fail. First, Canning claims that Brook Ledge, Poole, and others unlawfully entered a farm and seized her equine stock, thus violating her Fourth Amendment right under 42 U.S.C. § 1983. This claim fails because Brook Ledge, a trucking company which hauls horses, and Poole, whom Canning alleges had some ownership interest in the farm where her horses were maintained, did not act under color of law when they allegedly performed the events in dispute. *Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999).

Second, summary judgment is appropriate as to Canning's conversion claim. Canning alleges that Brook Ledge, Poole, and others wrongfully exercised dominion and control over her horses by seizing them, which constituted conversion as a substantial interference with the use and enjoyment of her property. She has not presented a prima facie case of conversion, however, which requires a showing that "the defendant exercised dominion over the property in a manner which denied the plaintiff['s] rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment." *Ky. Ass'n. of Counties All Lines Fund Trust v. McClendon*, 157 S.W. 3d 626, 632 (Ky. 2005)(citing 90 C.J.S. Trover and Conversion § 4 (2004)). Canning does not allege that Brook Ledge or Poole exercised dominion over her property for their own use and enjoyment, nor do the facts indicate such use.

Third, Canning claims that Brook Ledge and Poole have committed "malicious abuse of the legal process," but she has failed to establish evidence sufficient to

2

survive summary judgment on either a malicious prosecution or abuse-of-process claim. She cannot succeed on her malicious prosecution claim because she has not shown that a proceeding, which was instituted or continued by the movants, was terminated in her favor. *See Raine v. Drasin*, 621 S.W. 2d 895, 899 (Ky. 1981). Canning also has failed to show that the movants, in furtherance of any of the alleged actions, acted with an ulterior purpose, which is required to prove abuse of process. *See Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998). Her conclusory statements that the defendants conspired to deprive Canning of her horses are not enough to show such motive.

Fourth, Canning's claims for intentional infliction of emotional distress against Brook Ledge and Poole fail because she has not established any evidence that she suffers severe emotional distress related to the conduct of the defendants. *See Humana of Ky., Inc. v. Seitz*, 796 S.W. 2d 1, 3 (Ky. 1990). Rather, Canning has admitted that "she has received no treatment for any emotional distress or other mental health issues arising from the facts of this case." R. 90, p. 2.

Canning brings one additional claim against only Brook Ledge. She claims that Brook Ledge violated her due process rights by agreeing with other defendants to seize her horses. Even if the alleged actions did occur, the claim fails because the lien and warrant in question did not authorize the horses to be removed from the property where they were boarded, *see* R.1-9, p. 9, and "a deprivation of a constitutionally protected property interest caused by . . . unauthorized conduct does not give rise to a § 1983 procedural due process claim." *Zinermon v. Burch*,

494 U.S. 113, 115 (1990).

Summary judgment is also appropriate as to the additional claims brought against William Poole. Canning alleges that Poole committed civil conspiracy, false imprisonment, tortious interference with business, and battery. The civil conspiracy claim cannot succeed because "[i]n order to prevail on a claim of conspiracy, the proponent must show an unlawful/corrupt combination or agreement between the alleged conspirators to do by some concerted action an unlawful act." *James v. Wilson*, 95 S.W. 3d 875, 897 (Ky. App. 2005). Canning alleges that Poole and others unlawfully conspired to seize and gain ownership and control of her horses, but she has failed to present any evidence, besides her own conclusory statements, of a conspiracy among the defendants.

Canning's claim that Poole committed tortious interference with a business relationship fails because Canning has not established "the existence of a valid business relationship or its expectancy" or evidence of special damages, two of the six required elements of the claim. *CMI, Inc. v. Intoximeters, Inc.,* 918 F. Supp. 1068, 1080 (W.D. Ky. 1995) (citing *Nat'l Collegiate Athletics Ass'n v. Hornug*, 754 S.W. 2d 855 (Ky. 1988)). Canning alleges that Poole and Thomas Poole went to High View Stables for the purpose of interfering with her horse breeding business. But nowhere does Canning specifically state that she had a business relationship or expectancy with Poole or provide specific damages for the alleged interference.

Canning cannot succeed on her claim for false imprisonment against Poole

because she has not shown that he intended to confine her within the boundaries defined by her or that she was directly or indirectly confined. *See Kentucky Practice*, Volume 13, Tort Law, Chapter 4, p. 23 (West Publishing 1995). Canning alleges that Poole intentionally confined her when she was in Mr. Dye's home at High View Stables and when she was trying to get into her truck. She also claims that Poole and Thomas Poole barricaded the road from High View Stables so that she could not leave the property. But she has also stated that when the Bourbon County Sheriff's deputy arrived at the scene on that day, she sought to inform the deputy that she was authorized to be on the property but that the deputy told her she had to leave.

Poole argues that Canning's latter statement shows that she was not confined to the farm, but rather was insisting to the deputy that she had a right to be there. Canning has failed to respond to this argument, and "[w]hen nothing is offered in the record to rebut the evidence offered by defendants, no issue of contested material fact exists, and the defendant is entitled to judgment as a matter of law." *Castle v. Howard*, 2012 U.S. Dist. LEXIS 124143 (E.D. Ky. August 31, 2012)(citing *Goins v. Clorox Co.*, 926 F.2d 559, 562 (6th Cir. 1991)). Even if the court accepted the account most favorable to Canning, no evidence has been offered to support Canning's claim of false imprisonment, and "conclusory allegations . . . are wholly insufficient evidence" to establish her claim. *Mitchell v. Toledo Hospital*, 964 F.2d 577, 585 (6th Cir. 1992).

Canning's claim of battery against Poole cannot survive summary judgment

because she has submitted no evidence in support of her claim.  Even though the occurrence of the alleged act – whether Poole grabbed Canning's arm to detain her – is a disputed fact, Canning has offered no proof of damages, either emotional or physical.  Without such a showing or even a response to Poole's argument, Canning's claim fails.

Summary judgment is also appropriate as to the claims, if any, against Kathryn Poole.  In her amended complaint, Canning makes only two allegations against Poole:  that she is a resident of Bourbon County, Kentucky, and that "[t]he conduct of the principal wrongdoers . . . [including Kathryn Poole], by their unexpected and armed raid upon the boarding farm, was clearly intentional and brazen, and well beyond reckless." R. 5, p. 27.  Without other factual or specific allegations on which to base any potential claims against Kathryn Poole, the court cannot determine exactly what Canning is alleging against Poole.  Even if these statements could be construed as claims of unlawful and unreasonable search and seizure, due process violations, or conversion, the claims would fail for the reasons stated above.  Accordingly,

**IT IS ORDERED** that Brook Ledge, Inc.'s motion for summary judgment, R.119, is **GRANTED**.

**IT IS FURTHER ORDERED** that William Poole and Kathryn Poole's motion for summary judgment, R.121 & 122, is **GRANTED.**

**IT IS FURTHER ORDERED** that in light of the remaining claim against Barbara Poole, a preliminary pretrial conference is scheduled for January 31, 2013, at

10:00 a.m. in Lexington, Kentucky.  The parties shall comply with the following:

(1) No later than seven (7) days prior to pretrial conference, counsel or *pro se* party shall file the following:

(a) pursuant to Rule 26(a)(3)(A), a witness list with a brief summary of the expected testimony of each witness; pursuant to Rule 26(a)(3)(B), the witness list shall include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list;

(b) pursuant to Rule 26(a)(3)(C), a list of exhibits intended to be used at trial; and

(c) a pretrial memorandum containing a succinct statement of the facts of the case, the questions of fact, the questions of law, expected evidentiary objections, and a listing of all pending motions. The pretrial memorandum shall also indicate the progress of the case and status of settlement negotiations; the likelihood of settlement; and the feasibility of alternative dispute resolution. Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, summary jury trial, etc.).

(2) No later than seven (7) days prior to pretrial conference, the parties shall pre-mark all exhibits in accord with Rule 83.10 of the Joint Local Rules for the United States District Courts of the Eastern and Western Districts of Kentucky, and shall exchange copies of all such exhibits and of all demonstrative aids intended to be used at trial.

(3) No later than seven (7) days prior to pretrial conference, the parties shall conduct a conference in person or by telephone to formulate agreed proposed jury instructions on the substantive law of the case.

(4) This action is assigned for preliminary pretrial conference in Lexington, Kentucky, on January 31, 2013, at 10:00 a.m.  The plaintiff and attorneys who will be trying this action shall be present at the pretrial conference.

(5) At the time of the pretrial conference, the parties shall file with the Clerk and shall submit to the court a copy of the agreed proposed jury instructions on the substantive law of the case. If the parties cannot agree on certain instructions, the parties shall file with the Clerk, and shall exchange, their separately proposed instructions with supporting authorities.  In addition, the parties shall submit a

Microsoft Word or WordPerfect compatible copy of the proposed instructions to the court by email to Coffman_Chambers@kyed.uscourts.gov.

(6) At the time of the pretrial conference, the parties shall submit to the court an agreed statement of the case suitable for reading to the prospective jurors on voir dire.

(7) At the time of the pretrial conference, the parties shall file with the Clerk, shall submit a copy to the court, and shall exchange any objections to the use of depositions or to the admissibility of exhibits pursuant to Rule 26(a)(3). Such objections shall be in the form of motions in limine. Objections not then disclosed, other than objections based on Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown.

Canning is reminded that her trial exhibits must provide more specific proof of damages than she has heretofore furnished. *See* R. 114.  If Canning offers specific proof of damages for her breach-of-contract claim, then the court will set a trial date.  If Canning fails to provide proof of damages for her breach-of-contract claim, the court will entertain a renewal of Poole's motion for summary judgment.  *See id.*

Signed on December 18, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY